Mark E. Ellis - 127159
Bryan G. Ceglio - 312682
ELLIS LAW GROUP LLP
740 University Avenue, Suite 100
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
bceglio@ellislawgrp.com

Attorneys for Defendant
RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES; DOES 1-10 inclusive,<br><br>    Defendants. | Case No.:<br><br>Monterey Case No. 17CV000859<br><br>**DEFENDANT RASH CURTIS & ASSOCIATES' NOTICE OF REMOVAL TO FEDERAL COURT** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant RASH CURTIS & ASSOCIATES hereby removes to this Court the state court action described below:

1.   On, March 9, 2017, an action was commenced in Superior Court, State of California, Monterey County, entitled CHARLES MITCHELL, Plaintiff, v. RASH CURTIS & ASSOCIATES, Defendant, as case no. 17CV000859..

2.   On or about April 4, 2017, RASH CURTIS & ASSOCIATES was served with the Complaint, attached hereto as **Exhibit A**.

3.   This Court has jurisdiction to hear this case because this action is a civil action of which this Court has original jurisdiction under **28 U.S.C. § 1331**, and is one which may be removed to this

Court by defendant pursuant to the provisions of **28 U.S.C. § 1441(a)** in that it arises under the federal Fair Debt Collection Practices Act (**15 U.S.C. § 1692,** *et seq.*).

Dated: May 3, 2017

        ELLIS LAW GROUP LLP

        By  */s/ Mark E. Ellis*
            Mark E. Ellis
            Attorneys for Defendant
            RASH CURTIS & ASSOCIATES

# EXHIBIT A

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 3/9/2017 3:09:57 PM
By: Jessica Ray, Deputy

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF MONTEREY
## LIMITED JURISDICTION

| | |
|---|---|
| CHARLES MITCHELL, | Case No. 17CV000859 |
| Plaintiff, | COMPLAINT |
| vs. | (Amount not to exceed $10,000) |
| RASH CURTIS & ASSOCIATES; DOES 1-10 inclusive, | 1. Violation of Rosenthal Fair Debt Collection Practices Act; and |
| Defendant. | 2. Violation of Federal Fair Debt Collection Practices Act |
| | JURY REQUESTED |

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") and the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. PARTIES

2. Plaintiff, CHARLES MITCHELL ("Plaintiff"), is a natural person residing in Monterey County in the state of California, and is a "debtor" as defined by Cal. Civ. Code §1788.2(h) and a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

Complaint - 1

3. At all relevant times herein, Defendant RASH CURTIS & ASSOCIATES ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f), and "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c) and FDCPA, 15 U.S.C. §1692a(6).

4. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. From the middle of 2015 through early 2016, Defendant made multiple hard inquiries into Plaintiff's credit history, thereby leaving derogatory marks on his credit report.

8. Defendant made the aforementioned inquiries in connection with collection on an alleged debt.

9. Furthermore, Defendant has deducted money or threatened to do so from Plaintiff's bank accounts within the past year in connection with collection on the alleged debt.

10. As a result of Defendant's actions, Plaintiff have retained counsel. Plaintiff's counsel sent a notice of representation on or about August 11, 2016. Defendant has failed to respond favorably, if at all, to this day.

11. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

12. Defendant's conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

a) Threatening to take an action against Plaintiff that is prohibited by the RFDCPA (Cal. Civ. Code § 1788.10(f));

b) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal. Civ. Code § 1788.13(j));

c) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (15 U.S.C. § 1692e(4)); and

d) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (15 U.S.C. § 1692e(5)).

13. As a result of the above violations of the RFDCPA and FDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

///

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees; and
    D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees; and
    D.    For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 9th day of March, 2017.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff